UNITED STATES DISTRICT COURT
District of Maine

| | | |
|---|---|---|
| LAURIE TARDIF, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 02-251-PC |
| | ) | |
| KNOX COUNTY, DANIEL DAVEY, | ) | |
| JANE DOE and JOHN DOE, | ) | |
| Defendants | ) | |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

NOW COME the Defendants, through counsel, and hereby reply to Plaintiff's opposition to Defendants' Motion for Reconsideration.

The Plaintiff invokes sharp rhetoric, supported by selective authority taken out of context, in an effort to avoid examination of issues arising in the Court's Order on Plaintiff's Motion for Partial Summary Judgment. While Plaintiff cites the proper standard of review for a motion for reconsideration[1] and cursorily glosses each factor in the reconsideration equation, she does not squarely confront the merits of the motion. The Plaintiff's opposition is essentially twofold: (1) the Defendants' reconsideration was not timely and (2) the motion merely re-argues issues and evidence previously briefed.[2]

---

[1] Plaintiff's references to Rules 59 and 60 are inapposite. *Plaintiff's Opposition,* pp. 1, 2.

[2] Plaintiff suggests that the Defendants have added new arguments, but never says what those arguments are. The only matters arguably not raised previously are (1) Plaintiff's presentation of, and the court's reliance upon, hearsay evidence, evidence insufficient to support the sweeping inferences that the Court has made as to the time period covered by the "custom and practice" and the existence of any custom or practice, and (2) the proper source of constitutional analysis. With respect to the former (1) there was no procedural mechanism available by which to object

The Defendants first address each of the seven factors elucidated by the First Circuit regarding motions for reconsideration, and then explain why their argument, though to some extent necessarily woven from the same thread as their earlier argument, is directly responsive to the Court's Decision.

I. THOSE FACTORS ELUCIDATED BY THE FIRST CIRCUIT WHICH ARE APPLICABLE TO THE MOTION FOR RECONSIDERATION WEIGH IN FAVOR OF GRANTING THE MOTION.

As Plaintiff correctly notes, interlocutory judgments remain open for reconsideration at any time up until the entry of final judgment. *Geffon v. Micron Corp.*, 249 F.3d 29, 38 (1st Cir. 2001). Interlocutory determinations lend themselves more easily to reconsideration than do final judgments upon which settled expectations are based. *See Wells v. State Manufactured Homes, Inc.*, 2006 U.S. Dist. LEXIS 1479, *3 (D.Me., Jan. 12, 2006). The Court should grant a motion for reconsideration when it is "in the interests of justice", as that phrase has been defined by the First Circuit. *United States of America v. Roberts*, 978 F.2d 17, 21 (1st Cir. 1992).

The First Circuit has elucidated seven factors which may be considered in determining whether the interests of justice will be served by granting a motion for reconsideration: (1) the nature of the case, (2) the degree of tardiness, (3) the reasons underlying the tardiness, (4) the character of the omission, (5) the existence *vel non* of cognizable prejudice to the nonmovant in consequence of the omission, (6) the effect of granting the motion on the administration of justice, and (7) whether the belated filing would be more than an empty exercise. *United States*

---

to matter placed in the record for the first time in a reply statement of facts (Local Rule 56(e) specifically permits requests to strike both the initial and opposing statements of material fact, but there is no such provision with respect to reply statements of material fact), and (2) the Court was obligated to assure itself of the competence of evidence before relying upon it (Local Rule 56(f). Apropos the latter, the Defendants are responding to a misapplication of controlling case law from the United States Supreme Court and the First Circuit that is reflected in the Decision.

*v. Roberts*, 978 F.2d at 21, 22. Although the Court has provided what it refers to as "rules of thumb" to guide courts and litigants in determining whether a motion for reconsideration should be granted, those guidelines are not exhaustive, and the court need not look at each factor in every case. *Id.* at 22. The Court may examine other factors, may disregard certain factors if they do not apply, and may give greater or lesser weight to a factor that the Court determines to be more informative.

   A. The nature of the case.

This is a civil rights class action claim involving allegations of unconstitutional strip searches over a period of time that now encompasses almost ten years. At issue are over five thousand alleged class members, together presenting claims for both individual and institutional liability, and seeking both compensatory and punitive damages. Although the litigation is rife with disputes, some pedestrian and others more weighty, there exists an overarching and fundamental constitutional question: whether the Court should have applied an expectation of privacy analysis under *Katz v. United States,* 389 U.S. 347 (1967) in order to determine whether a Fourth Amendment right exists at all, or whether it was appropriate for the Court to proceed directly to a reasonableness test.

   B. Degree of tardiness.

The "degree of tardiness" factor does not apply here. In most motions for reconsideration, one party or the other has failed to adhere to a deadline. For example, in *Roberts, supra*, the government failed to object to a motion to suppress within the time established by rule. *Roberts* at 17. In *Green v. Union Mutual Life Insurance Company*, 764 F.2d 19 (1st Cir. 1985), the movant was late in responding to a motion within the time established by rule. *Green*, 747 F.2d 19, 23 (1st Cir. 1985). In other cases, while not violating a deadline, the

party seeking relief in the form of a motion for reconsideration has failed to raise an issue or argument, or to present evidence, in connection with a motion for which reconsideration is sought. *See e.g., Wells v. State Manufactured Homes, Inc.*, 2006 U.S. Dist. LEXIS 1479 (D.Me. 2006); *Coffin v. Bowater, Inc.*, 2005 U.S. Dist. LEXIS 27468 (D. Me. 2005). Although Plaintiff has suggested that the Defendants present new issues in their motion, she has not identified any such issues. To the contrary, she complains at length that the Defendants are simply rearguing points previously raised.

Because the degree of tardiness factor concerns itself with the inquiry of whether a litigant has acted seasonably in connection with an earlier motion, and because those issues are not present in this case, the degree of tardiness consideration simply does not weigh in the mix.

   C. Reasons for tardiness.

For the same reasons that the "degree of tardiness" factor is inapposite in this case, so too is the "reasons for tardiness" factor. *See § I(B), supra.* Nevertheless, since Plaintiff considers, though mistakenly, the timing of the reconsideration motion as relevant to the tardiness consideration, the Defendants will respond briefly. This Court issued a 48 page decision ruling on Plaintiff's Motion for Partial Summary Judgment. The summary judgment record exceeds 750 pages. The Defendants were required to carefully analyze and dissect the decision, to identify each piece of evidence relied upon, to compare that evidence to the findings reached by the Court, and to consider whether there was any other evidence already in the summary judgment record which could support a contrary conclusion. And, because the decision reached conclusions regarding the application of Fourth Amendment law which exceeded the reach of current United States Supreme Court and First Circuit precedent, it was necessary to more

4

closely analyze both pre- and post-*Bell v. Wolfish* case law in order to respond to the legal conclusions reached by the Court on that issue.

The motion for reconsideration is the result of no fewer than nine working drafts, and was filed only after counsel were satisfied that it addressed issues created by the Court's Decision thoroughly and with precision.[3] Even if the tardiness factor addressed the timing of the motion for reconsideration as opposed to actions taken in connection with an earlier motion, considering the nature of the case, the extent of the summary judgment record and the breadth of the Court's decision on the summary judgment motion, the timing of the motion for reconsideration can hardly be labeled tardy.

D. Character of the omission.

As with the tardiness factors, Plaintiff has misperceives the focus of the relevant inquiry. Plaintiff's two sentence argument regarding this factor simply asserts that the Defendants have reargued issues initially presented in their opposition to Plaintiff's Motion for Partial Summary Judgment.

However, the "character of the omission" factor is not concerned with whether or not earlier positions have been reargued, but rather, relates to the degree of culpability associated with the tardiness factors. In *Roberts*, *supra*, the government failed to oppose the defendant's motion for suppression in a timely manner. In describing the "character of omission" factor, the Court focused on the degree of culpability behind the failure to hew to a rules based deadline:

> In determining whether to hold a litigant to a nonjurisdictional procedural default the presence or absence of willfulness is invariably a salient consideration. . . . The nisi prius court should

---

[3] Plaintiff can hardly claim to have been surprised by the filing of this motion. On December 28, 2005 Defendants informed Plaintiff by e-mail that they would be filing a motion for reconsideration.

5

> always investigate the degree of culpability, *asking whether the omission was deliberate or accidental, grossly negligent or merely careless.*

*United States of America v. Roberts*, 978 F.2d 17, 22-23 (1st Cir. 1992) (internal citations omitted) (emphasis added).

In *Coffin*, *supra*, the court acknowledged the culpability based nature of the "character of omission" inquiry, in that case concluding that it was likely that the failure to raise an issue previously was tactical as opposed to a mere oversight. *Coffin v. Bowater, Inc.*, 2005 U.S. Dist. LEXIS 27468, *10, 11 (D.Me. 2005).

Here, because there was no tardiness or omission in connection with either responding to Plaintiff's Motion for Partial Summary Judgment in a timely manner or raising available arguments in that opposition, this consideration is also inapposite.

E. Prejudice

Plaintiff argues, in now familiar short shrift fashion, that the perceived "delay" in filing the Motion for Reconsideration has caused prejudice. She says that the prejudice arises "because Plaintiff has gone to the effort and expense of obtaining the Court's approval of the class notice and . . . [has] noticed the class through various media". *Plaintiff's Opposition,* p. 6. This argument is unavailing. The Plaintiff had obtained class approval, and was in the process of giving notice, even before the summary judgment motion was filed and decided. The outcome of the summary judgment motion had no bearing on the Plaintiff's obligation to give notice to class members, for regardless of the outcome of the motion, those members would have been entitled to notice. Plaintiff also claims prejudice by having been required to "rehash issues already addressed in voluminous summary judgment papers and which have been predominant themes of the Defendants since the beginning of the litigation". *Plaintiff's Opposition*, p. 6.

This argument fails as well. The First Circuit has "consistently declined either to infer prejudice from the mere passage of time . . . or to hold that simply requiring a party to litigate amounts to prejudice." *United States of America v. Roberts*, 978 F.2d at 23. Plaintiff has made no such showing here. This factor should properly weigh in favor of reconsideration.

    F.  Institutional interests.

This inquiry concerns institutional considerations in the orderly processing of the Court's docket and adherence to applicable rules. Unlike *Roberts*, *supra*, the Defendants did not miss a deadline. And, unlike *Coffin*, the Defendants are not attempting to change a factual statement or averment in contravention of summary judgment rules after a ruling on a summary judgment motion. Rather, the Defendants are responding directly to factual findings made by the Court which are contrary both to the standard of review on summary judgment motions, and evidence contained in the summary judgment record. Accordingly, this factor weighs in favor of reconsideration.

    G.  Utility of the pleading.

This factor addresses "the likelihood of success if the party moving for reconsideration is allowed to revisit the issue". *United States of America v. Roberts*, 978 F.2d at 23, citing *Mackin v. Boston*, 969 F.2d 1273, 1279 (1st Cir. 1992). Plaintiff's argument in this regard is confusing. First, the Plaintiff argues that the motion for reconsideration is "an empty exercise because it seeks to rehash and re-challenge through added debate the original summary judgment motion". *Plaintiff's Opposition,* p.7. Then, in the next breath, Plaintiff claims not that the Defendants are rearguing matters, but that they are now introducing new arguments and theories to the case. *Plaintiff's Opposition*, p. 8. Plaintiff provides no specific reference or citation in support of either her claim that the Defendants are rearguing old issues or injecting new issues into the case.

In point of fact, if the motion for reconsideration is viewed fairly against the summary judgment record, it has substantial merit. The Defendants demonstrate that many of the conclusions and findings reached by the Court were not supported by the summary judgment record viewed under the appropriate standard of review, that legal conclusions regarding strip searches of felony detainees are contrary to First Circuit decisional law of recent vintage, and that the decision misinterpreted and misapplied a significant body of constitutional law reaching back over 25 years.

The motion for reconsideration is specific and pointed with respect to the findings that it challenges, the evidence that those findings were based upon, and inferences that could reasonably have been drawn from the evidence and that would result in an outcome different than that reached by the decision. Entertaining the motion for reconsideration is a worthwhile exercise.

II. THE MOTION FOR RECONSIDERATION NEITHER REHASHES OLD ARGUMENTS NOR ADVANCES NEW ONES, BUT RATHER IT RESPONDS DIRECTLY TO THE DECISION ON PLAINITFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

Plaintiff's characterizations notwithstanding, the Motion for Reconsideration does not rehash old arguments, nor does it raise new ones. Rather, the motion directly addresses the Court's decision on Plaintiff's Motion for Partial Summary Judgment, including both the legal analysis and findings of fact.

A. To the extent that the Defendants address legal arguments previously raised by the parties, they do so in direct response to the manner in which the court found facts and interpreted controlling law.

Plaintiff's assertion that the Defendants are merely rearguing their brief is manifestly incorrect. Each of the arguments raised in the Motion for Reconsideration concerned this Court's Decision on summary judgment. Since the Court was acting on the arguments raised and

the evidence adduced on summary judgment, its decision was necessarily grounded in the pleadings. It is hardly surprising, therefore, that the Motion for Reconsideration discusses legal arguments previously raised. It does so, however, in the context of determinations made by the *Court* in deciding the summary judgment motion. By way of brief example, the *Court*'s characterization of the Supreme Court's holding in *Bell v. Wolfish*, 441 U.S. 520 (1979) regarding strip searches for pretrial detainees was this Court's own characterization. It does not accurately interpret the Supreme Court's decision in *Bell v. Wolfish.*

Additionally, the Court's characterization of the decision in *Bell v. Wolfish* is at odds with at least three First Circuit cases discussing what *Bell* did and did not hold. *See Bonitz v. Fair*, 804 F.2d 164, 170 (1st Cir. 1986); *Arruda v. Fair,* 710 F.2d 886 (1st Cir. 1983); *United States v. Chamarro*, 687 F.2d 1, 6-7 (1st Cir. 1982). The First Circuit has nearly always been circumspect when discussing *Bell*. In those cases, the First Circuit expressly stated that *Bell* had only *assumed* that the detainees held Fourth Amendment privacy rights, but did not decide whether or not they did. The Decision in this case treats *Bell's* assumption as a conclusion. The Defendants certainly cannot be held to anticipate, in advance of a decision, how the Court itself will interpret case law.

The Court also reached findings of fact which it characterized as undisputed. The Defendants' motion addresses each of those findings, demonstrating that in some cases they are not supported at all by the evidence upon which they are based, and that in other cases contrary inferences could have been drawn. Again, the Defendants could not have anticipated that the Court would not afford them the benefit of the summary judgment standard, or that the Court would use record evidence to support findings far broader than allowed by the evidence.

9

To be sure, the refrains sounded in the Motion for Reconsideration are familiar. However, they are presented not to reargue what has gone before, but in direct response to what followed.

B. <u>The Defendants have not raised new defenses in their Motion for Reconsideration, but have demonstrated that the Court's treatment of certain legal and evidentiary issues was flawed.</u>

As noted previously, nowhere in Plaintiff's opposition does she identify any new evidence, defense, or argument raised in the Motion for Reconsideration. Though it would appropriate for the Defendants to rest on Plaintiff's failure to develop their argument on this score, there are two issues raised in Defendants' Motion for Reconsideration which are worthy of brief mention. These include Defendants' response to the Court's treatment of Fourth Amendment law and the Court's use of evidence placed in the record by Plaintiff when the Defendants had no opportunity to respond in a manner.

1. The Defendants have demonstrated that the Court has misinterpreted and misapplied Fourth Amendment law.

In its Order, the *Court* states that *Bell v. Wolfish*, 441 U.S. 520 (1979) and its progeny held that pretrial detainees had Fourth Amendment privacy rights and that *Bell* prescribed a balancing test in order to determine the reasonableness of governmental actions. To the extent that the Defendants have presented new argument in this regard, it is in direct response to, and driven by, the *Court*'s misinterpretation and misapplication of *Bell*. This is a matter that could not have been anticipated by the Defendants. *See § II(A), supra* at 8-10.

2. The Defendants' motion demonstrates that the Court improperly relied upon certain evidence offered for the first time in Plaintiff's Reply Statement of Facts.

In their Reply Statement of Facts Plaintiff referred to and appended Plaintiff's Exhibit 20. The decision on summary judgment leaves the parties to puzzle over the basis upon which the

court considered this evidence and under which rule of evidence its use would be permitted. The Defendants have pointed this out in their motion, and have explained why the evidence is not competent or admissible in the first instance, and why it fails in any event to support conclusions reached by the court.[4]

Dated: March 13, 2006     WHEELER & AREY, P.A.


By: ____/s/ Peter T. Marchesi_____
    Peter T. Marchesi, Esq.
    Attorney for County Defendants
    P.O. Box 376
    Waterville, Maine 04903-0376
    pbear@wheelerlegal.com

---

[4] For reasons that are unexplained by the Plaintiff, this evidence was offered for the first time in their Reply Statement of Facts. Under the rules, not only can the Defendants not challenge factual assertions made in a Reply Statement of Facts, *Local Rule 56(b), (c), and (d),* but they are also procedurally prevented from even objecting to or requesting that the court strike such statements of facts or material submitted in support of such statements of facts. *Local Rule 56(e)* (procedural mechanism available for objecting to all statements of fact *except* reply statements of facts). Where a party offers evidence in a manner which prevents its opponent from challenging the evidence, the court should be particularly cautious in relying on the evidence, and should do so only after (1) ascertaining that the evidence is of appropriate evidentiary quality and (2) only for the specific purpose for which the evidence was offered.

UNITED STATES DISTRICT COURT
District of Maine

|  |  |  |
|---|---|---|
| LAURIE TARDIFF | ) | Docket No. 02-251-PC |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| KNOX COUNTY, DANIEL DAVEY, | ) |  |
| JANE DOE and JOHN DOE, | ) |  |
| Defendants | ) |  |
|  | ) |  |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 13, 2006, I electronically filed with the Clerk of Court using the CM/ECF system Defendants' Rely Memorandum in Support of Motion for Reconsideration.  he Court will send notification of such filing(s) to the following:

    SUMNER LIPMAN, ESQ.- slipman@lipmankatzmckee.com
    DALE THISTLE, ESQ.- dthistle@verizon.net
    ROBERT STOLT, ESQ.- rstolt@lipmankatzmckee.com
    JOHN WALL, ESQ. - jwalol@monaghanleahy.com

Dated: March 13, 2006                                             ___/s/ Peter T. Marchesi_____
                                                                                  Peter T. Marchesi, Esq.
                                                                                  Wheeler & Arey, P.A.
                                                                                  Attorney for Defendants
                                                                                   27 Temple Street, P.O. Box 376
                                                                                  Waterville, ME 04903-0376

cc: Malcolm Ulmer
    Timothy Woodcock, Esq.
    Daniel Davey
    Jane Desaulniers
    Michael Cunniff, Esq.