UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LAURIE TARDIFF, individually and on behalf of others similarly situated,<br><br>        Plaintiffs<br><br>v.<br><br>KNOX COUNTY, DANIEL DAVEY, in his individual capacity and in his official capacity as Knox County Sheriff, and JANE DOE and JOHN DOE, in their individual capacities,<br><br>        Defendants | Civil No. 02-251-P-C |

Gene Carter, Senior District Judge

**ORDER DENYING DEFENDANTS' MOTION FOR
CERTIFICATE OF IMMEDIATE APPEAL OF THE DECISION
ON THE MOTION FOR SUMMARY JUDGMENT AND DECISION
ON THE MOTION FOR RECONSIDERATION**

Defendants have filed through counsel the Defendants' Motion for Certificate of Immediate Appeal of the Decision on [Plaintiffs'] Motion for Summary Judgment and Decision on [Defendants'] Motion for Reconsideration thereof (Docket Item No. 258). The Motion seeks a certification from this Court of a basis for interlocutory appeal of the Court's Decision on Plaintiffs' Motion for Summary Judgment (Docket Item No. 141) and its Decision on Defendants' Motion for Reconsideration thereof (Docket Item No. 164). The sole basis for the assertion for the existence of interlocutory appeal status is the content of 28 U.S.C. §1292(b):

> (b) When a district judge, <u>in making in</u> a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state <u>in writing in such order</u>. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order; *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

*Id.*, (emphasis added).

Based upon even the most cursory examination of the facial meaning of the language of §1292(b), the orders in question do not provide any basis for an interlocutory appeal. The Motion presently before the Court provides no articulation of the basis for a finding that the statute provides a predicate for interlocutory appeal or any argumentation in support thereof. It states in a single sentence its entirely conclusory invocation of the statute:

> This Court's decision both in the summary judgment order and the reconsideration order raise legal issues sufficient to satisfy the standard for an interlocutory appeal <u>under 28 U.S.C. §1292(b)</u>.

Defendant's Motion for Certification, at 1. The sentence reflects no expenditure of any cognitive thought on understanding the plain meaning of the statutory provision, and Defendant makes no effort to establish the applicability of the statute to this case by any argumentation.

The statute requires, in order for interlocutory appeal status to be created, a certification by the Judge making the decision. §1292(b). That certification must be that the Judge, "in making in a civil action an order," *id.*, [that is, <u>at the time of making the order</u> sought to be the subject of the appeal] believed three things about the order:

2

(1) "[T]hat such order involves a controlling question of law [;(2)] as to which there is substantial ground for difference of opinion [;] and [(3)] that an immediate appeal from the order may materially advance the ultimate termination of the litigation…." *Id.* A fourth and final requirement of the statute is that the Judge shall state these opinions "in writing in such order." *Id.,* (emphasis added).

It suffices to observe in disposing of the pending Motion that none of these statutory predicates is satisfied in this case, a conclusion that must be transparently clear to any reasonable person attempting a good faith understanding of the meaning of the language of the statute.  Neither of the orders here sought to be made the subject of interlocutory appeal contains the required certification and, in fact, no request has ever been made until the present motion by any party herein for such a certification, a fact that by itself arguably renders the present Motion untimely made[1] on the basis of the plain language of the statute.  Furthermore, at no time has this Judge in fact entertained any of

---

[1] It provides context for present purposes to note that the Court's Decision on the Plaintiffs' Motion for Summary Judgment was filed on November 2, 2005 (Docket Item No. 141) and that its Decision on Defendants' Motion for Reconsideration thereof was filed on April 4, 2006 (Docket Item No. 164). A Final Pretrial Conference was held on April 13, 2006. Defense Counsel indicated orally at the conference that he intended to file a motion seeking certification of the issues previously decided by the Court for an interlocutory appeal. The Court admonished him orally at that time to file the motion promptly so as not to occasion any delay of trial. The Court entered its Report of Final Pretrial Conference and Order (Docket Item No. 181) on April 19, 2006. It provides specifically, *inter alia,*

> Defense counsel indicated that he intended to file a Motion seeking this Court's certification of certain legal issues to the First Circuit Court of Appeals in advance of trial. The Court indicated [that] any such motion should be promptly filed so as not to unnecessarily delay trial.

*Id.*, ¶ 3.A., at 5.

The present motion was filed by defense counsel on July 8, 2006, over two and one-half months after the Pretrial Conference and over nine months after the filing of the Court's Decision on the Plaintiffs' Summary Judgment Motion, which is the basal subject of the attempted appeal. The timing of the motion's filing is such that after expiration of the briefing periods thereon under the Local Rules, it does not mature for action by the Court until August 29, 2006, virtually the eve of the trial as previously scheduled for September 11, 2006 and after extremely intensive pretrial preparations and discovery had been completed in preparation for a trial commencing on that date.

3

the requisite opinions that must be certified nor has it been so indicated in writing in either of those orders.

If the Court were now to consider, assuming it was proper for it to do so under the statute, whether these statutory criteria exist in this case, it would conclude without doubt that they do not. Clearly, reversal of the first Order granting partial summary judgment on some liability claims in the Plaintiffs' Complaint would result in nothing more than those liability claims being reinstated anew for resolution by trial by jury. Thus, it cannot be claimed that such a result will materially advance the <u>ultimate</u> termination of the litigation. This is especially true in view of the fact that there remain, aside from the claims determined by the Order of partial summary judgment, a congeries of other claims and defenses to be adjudicated herein. An immediate appeal will not as a matter of legal substance advance in any significant way the ultimate resolution of any aspect of this matter but will rather delay any resolution.

Furthermore, as a practical matter, counsel have been at a constant state of adamant loggerheads about considering any matter by agreement in the preparatory phases of this case, as far as the Court has observed. It is clear to the Court that neither side is prepared to concede on or to or step back from, any factual or legal proposition underlying their respective positions in this case. Both sides have demonstrated, and on inquiry have avowed, the intent to see the case through to trial no matter what may occur. With matters in that posture, there is no basis to indulge the hopeful prospect that early termination of this case by settlement can be occasioned by quick resolution of the issues sought to be immediately appealed. However hard those issues may be taken to be, it is clear that the heads of the parties and counsel are harder still.

4

5

I **CONCLUDE** that an "immediate" appeal is not available under the statute on the present record herein. The motion is hereby **DENIED**.

**SO ORDERED**.

/s/ Gene Carter,
**GENE CARTER**
Senior United States District Judge

Dated at Portland, Maine this 30th day of August, 2006