# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| **LAURIE TARDIFF,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | Docket No. 02-CV-251-P-C |
| | ) | |
| **KNOX COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## REPORT OF CONFERENCE

A conference of counsel was held on October 3, 2006, at 11:50 A.M.

Appearances:   For Plaintiffs:   Sumner Lipman
Robert Stolt
Dale Thistle

For Defendants:   Peter Marchesi
George Dilworth
John Wall

This conference was held at the request of Plaintiffs' counsel in order to clarify the settlement terms agreed to at the September 29, 2006 settlement conference.

The first issue of apparent disagreement was whether there would be an injunction as part of the settlement. Plaintiffs indicated that their understanding was that the settlement would include an injunction. Defendants indicated that they thought it was sufficient for the settlement agreement to include a paragraph indicating that Defendants would follow federal law. The Court indicated that both its own notes and its own recollection of the settlement agreement indicated that the agreement included an injunction. Such an injunction would inevitably require the Defendants to undertake specific actions in order to prevent future strip searches of people similarly situated to the class members in this case.

1

The Court directed the parties' attention to Paragraph B.4. of the Second Amended Settlement Agreement in Nilsen v. York County. This paragraph includes specific actions that York County agreed to undertake. The Court indicated that the settlement agreement in this case includes an injunction provision. Neither side voiced further objection or asked for further clarification of the injunction component of the settlement agreement. The ultimate fairness of the injunction component of the settlement agreement is, of course, subject to the review of the Court in connection with its decision to approve of the class settlement.

The second issue for which Plaintiffs sought clarification is claims administration expenses. Plaintiffs indicated that it was their understanding that claims administration expenses would be handled separately from attorneys' fees and costs. Defendants indicated they took no position on this issue as long as all expenses were paid out of the common fund. The Court's own recollection and notes from the conference indicate that this specific issue was not discussed. In light of the fact that both attorney's fees and costs as well as claims administration expense are subject to review and approval of the Court, the understanding of the parties in this regard is not controlling. Nonetheless, Plaintiffs' counsel is certainly free to ask for 30% of the common fund for its own attorneys' fees and costs and separately seek to have claims administration fees paid from the fund. The Court indicated that the ultimate decision on fees and expenses would be made by Judge Carter.

This report fairly reflects the actions taken and issues discussed at the conference.

**SO ORDERED.**

/s/ George Z. Singal
U.S. Chief District Judge

Dated the 3rd day of October 2006.