UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DALE DARE, on behalf of himself and on behalf of others similar situated,<br><br>            Plaintiffs<br><br>v.<br><br>KNOX COUNTY, DANIEL DAVEY, in his individual capacity and in his official capacity as Knox County Sheriff,<br><br>            Defendants | Civil No. 02-251-P-C |

Gene Carter, Senior District Judge

### ORDER ON MOTION FOR APPROVAL OF CLASS SETTLEMENT

This is a class action lawsuit over strip searches of arrestees at the Knox County Jail. The Court previously certified a class and the court of appeals affirmed the certification. *Tardiff v. Knox County*, 218 F.R.D. 332, (D.Me. 2003), aff'd, 365 F.3d 1, 7 (1st Cir. 2004). The parties have now proposed for approval an agreement settling their dispute (Docket Item No. 351). They request that the Court approve the settlement they have proposed. The Court held a hearing on this motion on October 24, 2006.[1] The

---

[1] As a result of prior settlement negotiations of the parties in conference with Chief Judge Singal, the class counsel filed on October 10, 2006 a proposed Final Settlement Agreement (Docket Item No. 339) with a Motion Seeking Preliminary Approval of Class Settlement (Docket Item No. 338). The Defendants' counsel submitted on the same date its own version of a Final Settlement Agreement (Docket Item No. 342). The Court held a conference/hearing with counsel and the parties on October 11, 2006 in open court, it appearing that there were significant variations in the two proposals. The parties were left to resume negotiations following the conference/hearing to see if a definitive proposed Settlement Agreement could

Court now indicates the conditions on which the Court will authorize, on subsequent application of the parties, class-wide notice of a final settlement of the class action.

First, the Court notes that the agreement does not provide for a second opportunity for putative class members to request exclusion as permitted by Federal Rule of Civil Procedure 23(e)(3). The decision whether to direct a second opportunity to opt out "is confided to the court's discretion…. Many factors may influence the court's decision. Among these are changes in the information available to class members since expiration of the first opportunity to request exclusion, and the nature of the individual class members' claims." Fed. R. Civ. P. 23(e)(3), 2003 advisory committee's note. Several elements of the proposed settlement here counsel that putative class members have a renewed opportunity to request exclusion from the class by opting out of it. These include the breadth of the type of searches and actors covered by the settlement, thereby foreclosing further litigation by members of the class; the recent development that Laurie Tardiff was replaced as class representative; Laurie Tardiff's objection to the terms of the Settlement Agreement and contention that she is not bound by it; the Court's prior indication that it would not approve a proposed "bonus" of Fifty Thousand Dollars ($50,000.00) to be paid to Laurie Tardiff as provided for by the terms of the first

---

be arrived at by them. *See* Transcript (Docket Item No. 357). They subsequently filed the pending Settlement Agreement (Docket Item No. 351).

The situation in respect to settlement was further complicated by the position taken by the named class representative, Laurie Tardiff, at the conference/hearing that she objected to the terms of the Settlement and wished to withdraw as class representative in the action. The Court advised her to promptly consult individual counsel and on October 13, 2006 new counsel entered an appearance on her behalf (Docket Item Nos. 346 and 349). Since then, class counsel has filed a Motion to Strike Laurie Tardiff as Class Representative (Docket Item No. 350), which was subsequently withdrawn (Docket Item No. 354). A Motion is now pending, filed by class counsel, to Substitute a party, Dale Dare, as Class Representative (Docket Item No. 355) and a Motion filed by Ms. Tardiff's personal counsel to withdraw Ms. Tardiff as Class Representative (Docket Item No. 356).

The Court scheduled all these pending matters for further conference/hearing on October 24, 2006.

proposed Settlement Agreements (Docket Item Nos. 339 and 342), *see*, Transcript, Docket Item No. 357 at 59-60; a controversy over the entry, timing and terms of the Permanent Injunction to be entered; the Parties' preservation of a right of appeal <u>of the settlement</u> if an injunction at variance with that proposed by the parties is entered; and the settlement's allocation of a recovery to each individual that does not vary by the number of times that individual was searched.

The Court will therefore refuse to approve the settlement (and will not direct class-wide notice) unless a redrafted settlement agreement affords: (1) a new opportunity for exclusion from the class at the option of <u>all</u> putative class members, as provided for in Rule 23(e)(3), and (2) resolution of the issues respecting the entry of injunctive relief by the parties agreeing to the Court's entry of its Amended Proposed Permanent Injunction, *see* Docket Item No. 364. The Court gives notice that it will not approve a settlement agreement that contains the language in the third sentence of ¶ II.B, "In the event that the Court issues an injunctive order different than that proposed by the parties, the parties expressly reserve the right to appeal the injunctive order <u>and the Settlement Agreement of which it is an integral part</u>, to the U.S. [sic] Circuit Court of Appeals for the First Circuit," (emphasis added), or language of effect equivalent to the emphasized phrase. Rather the Court will require for approval to be granted, that the Third Final Settlement Agreement provide specifically:

> "The Parties understand that the Court will issue an injunction, the purpose of which will be to ensure the Defendants' compliance with Fourth Amendment law governing strip searches. The parties have agreed on the terms of the injunction which are set forth in the Court's Amended Proposed Permanent Injunction Pursuant to Settlement Agreement (Docket Item No. 364), and all parties waive their rights to appeal the entry of, or terms of, this injunctive Order."

3

*See* Court's Amended Proposed Permanent Injunction Pursuant to Settlement Agreement at 1 (Docket Item No. 364).

Otherwise, the Court finds that the notice that the parties have proposed amounts to "notice in a reasonable manner" as required by Rule 23(e)(1)(B).  If the parties file a Third Final Settlement Agreement that suitably addresses the foregoing concerns, the Court will:

(1) Direct class-wide notice accordingly, provided that the notice is also revised to explicitly include notice of the opportunity for, and the deadline for, requesting exclusion from the class by opting out of it;

(2) Order that any motion for attorney's fees and nontaxable costs shall be filed by such a time that the Rule 23(h)(1) notice of the fee request can be combined with the Rule 23(e) notice of settlement and be sent to the class at the same time; and

(3) Order that counsel prepare a proposed Order to include other necessary elements or actions necessary to completion and final approval of the class settlement, such as appointment of the class administrator, deadlines for written objections and other interim deadlines.

On filing of a Third Final Settlement Agreement and upon entry of the Court's Order Directing Class-Wide Notice, a hearing under Rule 23(e)(1)(c) will be scheduled by order of Court to take place on April 23, 2007 at 10:00 a.m. on whether the settlement is fair, reasonable and adequate; whether any requests for attorney fees and nontaxable costs should be allowed and, if so, the extent of such allowance; and resolution of any other issues then properly before the Court.  The Court will hear appropriate objections on all those matters at that time.  *See* Rule 23(e)(4)(A), (h)(2),(h)(3).

The Court does not intend this order to be a preliminary fairness determination. Because a judicial determination of "preliminary fairness" unjustifiably suggests a

4

headwind against objections to the settlement agreement, the Court will, if the Third Final Settlement Agreement is filed, determine whether the then proposed Third Final Settlement Agreement satisfies the Court's requirements herein for approval of the settlement, deserves consideration by the class and whether the notice is appropriate. The Court reserves all determinations of the proposed settlement's fairness and reasonableness to its consideration of the relevant facts on the record after the April 23, 2007 hearing.

The Court has this day granted Plaintiff, Laurie Tardiff's Motion to Withdraw as Class Representative (Docket Item No. 356) and Plaintiff Class's Motion to Substitute Dale Dare as Class Representative (Docket Item No. 355). Ms. Tardiff remains as a class member. The Court makes no decision and intimates no opinion as to her rights in this litigation, whether she should remain a member of the class, or whether she is subject to being bound by any Settlement Agreement proposed herein or that may be finally approved by the Court. Her rights and the rights of other parties in respect to all such matters in this case are reserved for future determination, as may be sought by the parties. The Court's ultimate resolution of any such issues so generated shall not be a basis for any party or class member to challenge, <u>inter</u> <u>partes</u>, the viability or enforceability of the Third Final Settlement Agreement of the class action, if it is finally approved by the Court.

It is **ORDERED** that counsel for the class and for the Defendants advise the Clerk on or before November 3, 2006 if they will pursue the filing of a Third Final Settlement Agreement herein, and if they elect to do so, cause said document to be docketed on or before November 14, 2006, in default of either event the case will be set

for jury selection and trial on the remaining two liability issues <u>only</u> by further order of Court.

        /s/Gene Carter_____
        GENE CARTER
        Senior United States District Judge

Dated at Portland, Maine this 24th day of October, 2006.