UNITED STATES DISTRICT COURT
District of Maine

| | | |
|---|---|---|
| DALE DARE, on behalf of himself and<br>on behalf of others similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Docket No. 02-251-P-C |
| | ) | |
| KNOX COUNTY, DANIEL DAVEY, | ) | |
| In  his individual capacity and in his official | ) | |
| Capacity as Knox County Sheriff, | ) | |
| | ) | |
| Defendants | ) | |

**THIRD FINAL SETTLEMENT AGREEMENT**

I.    <u>**SUMMARY**</u>

The parties agreed to settle this case on Friday, September 29, 2006 at the Judicial

Settlement Conference with Chief Judge Singal. (Docket Item No. 328). The general

terms of the agreement are set forth in a Settlement Agreement signed by all parties on

September 29, 2006.  Additionally, the Court will issue an injunctive Order designed to

prevent unconstitutional strip searches in the future.  Under the Settlement Agreement,

the parties are required to submit, using the Second Amended Settlement Agreement

approved in *Nilsen v. York County*, (02-CV-212-P-H) their final written agreement, along

with a Motion to Recertify the Class on or before Tuesday, November 14, 2006.  (Docket

Item No. 368, *supra*).

Pursuant to the Court's October 4, 2006 "Remark" (Docket Item No. 334), the parties will either jointly agree on language to be included in the injunctive Order, or will separately submit proposed orders to the Court.

The Agreement also settles all claims of the class, including, without limitation on the generality of the foregoing, claims of the class representatives and absent class members who do not opt out as provided, herein, for compensatory damages, punitive damages, attorneys fees and costs, and interest by establishing a common fund of Three Million Dollars ($3,000,000.00), to be shared among participating class members after payment of attorneys fees, costs, claims administration expenses, and class representative bonuses.  Under this Agreement, class members will receive one payment regardless of the number of times that they were booked into the jail and searched during the class period.

## II.  TERMS

### A.  Procedural History

1.  Plaintiff filed this action on or about November 19, 2002.  On November 5, 2003, Judge Gene Carter of the United States District Court for the District of Maine granted Plaintiff's motion for class certification and certified this case as a class action under Fed.R.Civ.P. 23(b)(3).  The class was defined as follows:

All people who after November 19, 1996, were subjected to a strip search and/or visual body cavity search without evaluation for individualized reasonable suspicion while being held at the Knox County Jail:

(1) after having been arrested on charges that did not involve a weapon, drugs, or a violent felony; or

(2) while waiting for bail to be set on charges that did not involve a weapon, drugs, or a violent felony; or

(3) while waiting for an initial court appearance on charges that did not involve a weapon, drugs, or a violent felony; or

(4) after having been arrested on a warrant that did not involve a weapon, drugs, or a violent felony.

The decision to certify the class was affirmed on appeal by the United States Court of Appeals for the First Circuit.

2.  Plaintiffs alleged that all arrestees or pre-trial detainees at the Knox County Jail were subjected to a strip search, sometimes to include a visual body cavity search, as part of the booking procedure.  The Defendants have denied those allegations and have asserted that both their officially promulgated policies and their actual practices and procedures were at all times consistent with constitutional requirements.

**B.  Agreement**

1.  The parties agree that the class period begins on November 19, 1996, and ends December 31, 2004.

2.  The Parties understand that the Court will issue an injunction the purpose of which will be to ensure the Defendants' compliance with Fourth Amendment law governing strip searches.  The parties have agreed on the terms of the injunction which are set forth in the Court's Amended Permanent Injunction Pursuant to Settlement

Agreement (Docket Item No. 364), and all parties waive their rights to appeal the entry of, and the terms of this Injunctive Order.

3.   An approved class action notice was sent to potential class members at their last known addresses and notices were published as required by the Court after class certification. No class members asked to be excluded by the opt out deadline.

4.   The Defendants will pay Three Million Dollars ($3,000,000.00) to settle all claims brought by Plaintiff and class in this action including claims for attorneys' fees, costs, administrative costs, and interest by check made out to the "Knox Settlement Fund" and delivered to class counsel no later than February 15, 2007.

5.   The parties agree and acknowledge that the Defendants have denied liability in whole and that the payment was made and other agreements contained herein were given without admission of liability, which is expressly denied, and which payment was made and other agreements were given by the Defendants solely for the purpose of buying their peace and freedom from litigation.  No language contained in this Settlement Agreement or any language contained in any motions for approval of settlement filed by Plaintiffs or in any orders by the Court approving or denying either preliminary or final approval to the Settlement Agreement shall in any way be construed as acknowledgments or admissions of liability, all of which are expressly denied by the Defendants.

6.   The Defendants and their counsel agree to provide reasonable assistance to facilitate the administration of this settlement including providing access to data and documents necessary to determine class membership if a person disputes denial of a

claim by the claims administrator.

7.  The Defendants understand that this agreement will require approval of the Court.  The Defendants will ask the Court to approve the terms of the settlement.

8.  If Plaintiff has to incur any additional attorney time or costs to seek collection of the settlement fund because of a default by the Defendants in the timely performance of its obligations to pay under this Agreement, the Defendants may be responsible for payment of reasonable attorneys fees and costs under 42 U.S.C. § 1988 and only upon approval of the Court.  Any request for such additional fees and costs shall be by application to the Court with opportunity for objection by the Defendants.

9.  Class counsel will establish the "Knox Settlement Fund" as a qualified settlement fund.  Once the Court grants final approval of the settlement, the entire fund and all interest or income resulting from the investment of the fund shall be part of the fund.  If the Defendants do not pay all or part of their obligation on time, the amount owed by that Defendant will accrue interest at the rate of twelve percent (12%) per year, compounded daily.  Interest will only apply to the unpaid portion of the Defendant's obligation.

10.  The Settlement Fund and any money earned by the fund will be invested in the Marshall Money Market fund which is AAA rated by Fitch, unless and until otherwise ordered by the Court.  Class Counsel, Class Representatives, Defendants and Defense Counsel shall not have any responsibility or liability for the investment of the Settlement Fund.  If the Court does not give final approval to the settlement, the Plaintiffs

will return the amount paid to the Defendants.

## III.  COURT SUPERVISION

1.  The Court will retain jurisdiction over the settlement and may enter orders as appropriate to enforce it, to adjudicate the rights and responsibilities of the parties, and to effect fair and orderly administration.

2.  Any deadlines, dates, or other details in this Settlement Agreement may be changed by the Court on a showing of good cause.

## IV.  HEARING

1.  The Court will schedule a hearing to decide whether to grant preliminary approval to the settlement, recertify the class for settlement purposes and to issue a permanent Injunctive Order.  If approval is granted, the parties will begin to implement the settlement.  The Defendants will make their payment as specified hereinabove, and the Plaintiffs will send the approved notice to the class.

2.  The Court will hold a final fairness hearing to decide whether to grant final approval of settlement on April 23, 2007 at 10:00 a.m..

3.  If the Court grants final approval of the settlement, the Knox Settlement Fund will belong to the Plaintiff and the class, and the Defendants will no longer have any right to, title to, or interest in the funds.  The funds will then be distributed pursuant to orders of the Court.

## V.  CLAIMS ADMINISTRATOR

1. Class counsel requests that the firm of Analytics, Inc. of Chanhassen, Minnesota be approved by the Court as Claims Administrator.  The Declaration of Richard Simmons and the qualifications of Analytics, Inc. are attached hereto as Exhibit E.

2.  Class counsel recommends that the Claims Administrator be permitted to designate an attorney as agent in Knox County to distribute checks to any claimants who wish to pick up their check.  This agent will be paid by the Claims Administrator for performing this service.

3.  The Claims Administrator will administer notice to class members in the manner prescribed by the Court; shall accept and docket all claims; shall send all notices that a claim has been accepted or rejected to class members; shall resolve any appeals of claim denials; shall calculate the amount of each claim pursuant to the formula set out in this Agreement; and shall report to the Court as necessary, including providing a final report.

4.  Class counsel will oversee settlement administration and will provide direction to the Claims Administrator as needed.

## VI.  NOTICE, OBJECTIONS, CLAIMS AND OPT OUT

1.  Class counsel will send a Notice of Class Action Settlement and of the Hearing to Approve the Settlement ("Notice of Settlement"), a Settlement Claim Form, a Frequently Asked Questions sheet and an Opt Out Form, by first class mail postage prepaid to all potential class members, whose addresses are known to class counsel, at

their last known address within three weeks after the Court's order granting preliminary approval.  If any mail is returned by the post office with notice of a more current address, class counsel will resend the notice to that address.  Class counsel is not required to make any further efforts to send mail directly to class members.  A Notice of Settlement and Settlement Claim Form and/or an Opt Out Form will be made available to anyone who requests such information.  Claim Forms and Opt Out forms will be available to be downloaded from the web site or on request to the Claims Administrator including through a toll free number.

2.  The Notice of Settlement will include the terms of the settlement (attached as Exhibit A) and the class member's right to contest the settlement.  This Notice includes Frequently Asked Questions which explain the settlement terms and answer anticipated questions.  Attached as Exhibit F is the envelope to be used for mailing the proposed Notice of Settlement.

3.  The Settlement Claim Form requests the class member's contact information, affirmation that he or she meets the class definition, instructions for check delivery, and a Form W-9.  The proposed settlement claim form is attached as Exhibit B.

4.    The proposed Opt Out/Exclusion Form requests the class members' contact information, affirmation that he or she meets the class definition and a statement by the class member that he or she wishes to opt out and be excluded from participating in the class action settlement.  The proposed Opt Out/Exclusion form is attached at Exhibit G.

5.  Class counsel will also publish notice of the settlement twice in the Portland

Press Herald, Rockland Courier Gazette and the Bangor Daily News.  This notice is attached as Exhibit C.  The Defendant agrees to post the notice for publication attached as Exhibit C in the intake/booking area as well as in one area frequented by inmates in each of the separate pods at the jail.  The notices will be posted as soon as the Court approves the mailing of a class wide notice of proposed settlement attached as Exhibit A, and will remain up until the last day that the settlement claim forms can be filed.  In addition, the Defendant has agreed to make available during the same timeframe defined in the prior sentence, to inmates (or anyone else) who requests it, a copy of the Notice of the Settlement attached as Exhibit A and counsel for the class will provide the County with 500 copies.

6.   In addition to the legal notices, class counsel will issue a press release informing the public of the settlement.  The press release is attached as Exhibit D.

7.   Class counsel, through the Claims Administrator, will establish a website (www.knoxcountyjailclass.com) which will include the Notice of Settlement (Exhibit A) and the Settlement Claim Form (Exhibit B).

8.  The Claims Administrator will send a claim form and/or opt out/exclusion form to anyone who requests one before the time for filing claim forms has expired.  In addition, the Claims Administrator will maintain updated documents regarding this settlement on the website including a claim form which can be printed and mailed. The Claims Administrator will also establish, within three weeks after the Court grants preliminary approval of this settlement, and maintain a toll-free number for claimants to

call with questions about the claim form. This number will be operational for at least five (5) months.

9.  In order for a class member to claim a share of the settlement, he or she must submit a valid and complete Settlement Claim Form postmarked no later than February 12, 2007.  This deadline is called the "Claims Deadline".

10.    Class members have the right to be excluded from the settlement class pursuant to Rule 23 (c) (2) of the Federal Rules of Civil Procedure and as provided herein.  To do so, a class member must mail a written request to the claims administrator at Dare Claims Administrator, P.O. Box 2006 Chanhassen, MN 55317-2006.  In order for a class member to opt out and be excluded from participation in the proposed settlement, he or she must submit an opt out/exclusion form to the claims administrator postmarked no later than February 12, 2007. This deadline is called the "Opt Out Deadline".

11.  In order for a class member to object to the proposed settlement, he or she must submit written notice of the objection to the Claims Administrator.  In addition, an objector may also appear in person or through counsel at the final fairness hearing when the objection will be considered by the Court.  The Claims Administrator will forward all letters of objection to the Court and to counsel for all parties.  (The class member must also submit a Settlement Claim Form if he or she wishes to be eligible to share in the settlement should it be approved despite his or her objection.)

12.  Settlement Claim Forms received by the Claims Administrator within two weeks after the Claims Deadline will be treated as if postmarked by the Claims Deadline.

This two-week grace is the Amnesty Period.

13.  Notwithstanding paragraph 12 above, claim forms will be treated as filed in a timely manner if either (1) the form is received by the Claims Administrator by no later than February 12, 2007, or (2) if a request to permit additional time to file a claim form is received by the Court by no later than  February 12, 2007 and the related claim form is received by the Claims Administrator by no later than February 26, 2007. Claim forms received after February 26, 2007 will be denied as untimely.

14.  Opt Out Forms received by the Claims Administrator within two weeks after the Opt Out Deadline will be treated as if postmarked by the Opt Out Deadline.  This two-week grace period is the Amnesty Period.

15.  Notwithstanding paragraph 14 above, Opt Out Forms will be treated as filed in a timely manner if either (1) the form is received by the Claims Administrator by no later than February 12, 2007, or (2) if a request to permit additional time to file an Opt Out Form is received by the Court by no later than February 12, 2007 and the related Opt Out Form is received by the Claims Administrator by no later than February 26, 2007. Opt Out Forms received after February 26, 2007 will be denied as untimely.

## VII.  <u>APPROVALS AND APPEALS</u>

1.  The Claims Administrator will review each claim form to determine that the claimant is a class member by confirming (a) that the Settlement Claim Form is timely and valid, (b) that the information on the form is consistent with available booking data previously provided by the Defendants, and (c) that the Form is completely filled out and

signed.

2.  The Claims Administrator may, in its discretion, waive a technical defect in the Claim Form to achieve substantial justice.

3.  If the booking data indicates that the person does not meet the class definition, the Claims Administrator will send a Notice of Claim Denial to the claimant.  The denial notice will indicate the reason or reasons for the denial. These would include (a) not at the jail during the class period, (b) no booking for an offense within the class definition, or (c) that the person was not strip searched while being held awaiting bail or a first court appearance.  The denial notice also will indicate how to appeal the denial and the time deadline for filing a written notice of appeal to the Claims Administrator and the Court. Because the booking data is sometimes inaccurate or non-descriptive as to whether a person was strip searched, the Claims Administrator may accept the Claimant's affirmation of strip search.

4.  In order to object to the Claims Administrator's determination that he or she is not a class member, a claimant must file a written notice of appeal to the Claims Administrator postmarked no later than two (2) weeks after the date of the mailing on the Notice of Claim Denial.  He or she may include written documentation that shows that he or she is a class member, and he or she may also include a written statement.  Those objections claiming that a person who otherwise met the class definition was strip searched will be reviewed against available records of the Defendants to determine if the person was strip searched.  The Claims Administrator will make a determination on each

appeal no later than eight (8) weeks after the deadline for class members to file such appeals.  The Claims Administrator will inform the class member in writing of their determination and will provide copies to all counsel.  Rulings by the Claims Administrator will be final and binding, except that a Claimant is allowed to appeal a denial of a claim directly to the Court.

5.  The Claims Administrator will send a Notice of Claim Approval ("Notice of Claim Approval") to each approved claimant promptly but in no event later than one week after the Court grants final approval of the settlement.

6.  A claimant who used a different name at booking must present documentation establishing that he or she is the person referred to in the booking records.

7.   The Claims Administrator will review each opt out/exclusion form and notify the class member in writing that the form was received timely and that the class member has been excluded from participating in the class action settlement and the claims administrator will provide copies to all counsel.

## VIII.  EXPENSES AND ATTORNEYS FEES

1.  Administrative costs, including the Claims Administrator's fees and expenses, will be paid from the Settlement Fund.

2.  Class counsel will ask the Court to approve payment of Plaintiff's attorneys fees and out-of-pocket costs in the amount of thirty percent (30%) of the settlement fund. These fees and costs shall be paid at the same time as the distribution of the Settlement

Fund to class members.  In addition, class counsel will ask the Court to deduct from the settlement funds an amount sufficient to pay the costs of further litigation and the expenses of claims administration.  The parties understand that the Court shall have the discretion to award whatever fees and costs it deems justified based upon the submissions by the class counsel in support of those fees and costs.

## IX.  DISTRIBUTION TO CLASS MEMBERS

1.   Class counsel recommends to the Court that the Claims Administrator pay bonuses from the Settlement Fund to compensate the class representative for the time that he spent on this case and his loss of privacy as a result of serving as a Class Representative.  Class counsel also recommends a bonus to compensate the 19 class members whose depositions were taken by defense counsel for the time they spent.  Class counsel recommends a bonus of $5,000.00 to the class representative of record as of the date of the final approval of this settlement.  Class counsel recommends a bonus of $500.00 to each of the 19 class members who were deposed by the Defendants.  These checks will be issued at the same time as payments to class members.

2.   Class members will receive payment from the common fund after deducting attorneys fees, costs, expenses of administration, and bonuses to the class representative and those class members who were deposed by the Defendants.

3.   The Claims Administrator will calculate the amount of money due each class member by providing one share for every class member with an approved claim.  The Claims Administrator will total the number of approved shares and then divide the

14

amount remaining in the Settlement Fund (after the payments made as provided in Paragraph 2 above) by the number of shares to determine the amount each approved participating class member will receive.

4.   Class members will receive one payment even if they were booked into the jail and strip searched more than one time during the class period.

5.   Each class member's check will be made payable only in his or her name or, upon the death of a class member, to the personal representative of the deceased class member's estate or the person filing an affidavit in compliance with the Maine Procedure for Collection of Personal Property by Affidavit of the Rightful Heir under 18-A M.R.S.A. § 3-1201, or the equivalent procedure of the law of another state that governs the estate of the deceased class member.  A check will be mailed to the class member at their mailing address or it may be picked up.  Any change of address request must be made in writing and must be signed by the claimant.

6.   If a participating class member is confined in a prison, hospital or other institution and has provided the address of such institution for payment, the settlement check will be sent to that address unless the class member makes other acceptable arrangements in writing with the Claims Administrator.

## X.  POST-DISTRIBUTION ADMINISTRATION

1. Marshall and Ilsley Bank, a nationally chartered bank, will prepare all Forms 1099 for class members who receive a settlement check during the bank's next regular tax-form processing following distribution.  The Claims Administrator will prepare all

other necessary tax forms relating to the Settlement Fund account.

2.   The Claims Administrator will provide a report to the Court and to counsel for all parties accounting for the distribution of settlement funds, including attorneys fees and expenses, once the distribution is complete.

3.   Any balance in the settlement fund after all settlement checks have been distributed and all bonuses, expenses, and attorneys fees have been paid and will be distributed under the *Cy Pres* doctrine on order of the Court.  The parties understand that the Court shall have the discretion to order *Cy Pres* distribution based upon the submissions by the class counsel in support of such distribution.

## XI.  DECEASED CLASS MEMBERS

1.   If a class member is deceased, an authorized representative may file a Settlement Claim Form on behalf of the estate within the Claims Deadline, i.e. postmarked no later than  February 12, 2007.  However, the representative must provide to the Claims Administrator within the Claims Deadline documentation that an estate has been established in accordance with the law and with Paragraph IX (5), above.

## XII.  RELEASE AND AGREEMENT TO DEFEND, INDEMNIFY AND HOLD HARMLESS

1.  In consideration of the settlement amount, all Defendants, including individual defendants in both their official and individual capacities, and the Maine County Commissioners Association Self-Funded Risk Management Pool will be released from all liability for the class members' claims for unlawful strip searches that were part of this

lawsuit, including class members who do not file claims, except for any class members who requested exclusion, opted out, and filed an individual lawsuit within the applicable statute of limitations.  The parties have expressly agreed that the release of claims arising from the settlement includes all visual inspections, including without limitation visual body cavity inspections, that otherwise fall within the scope of the claims certified as a class action by the Court in this case.  The parties further agree that this release of claims applies to any claims that the strip searches were conducted in a manner that was unlawful, including without limitation, claims of physical touching, cross-gender searches, or searches which were observed by persons other than the correctional officer performing the search. The parties further agree that their settlement does not release any other claims, such as wrongful arrest, excessive force, or searches that were not part of the admission process (such as strip searches after a lockdown).

2.   In further consideration of payment of the settlement amount, each class member shall be obligated to satisfy all liens, subrogation interests or claims of any doctor, hospital, insurance carrier, state or governmental agency, or any other person, firm, or corporation, which have been made or may in the future be made against the payment to that class member described herein, or against any Defendant, arising out of the claims, demands, actions or causes of action set forth in the First Amended Complaint and released as part of this Settlement Agreement.  Each class member further agrees to hold harmless and to defend and indemnify the Defendants, including their officers, officials, employees, attorneys, agents, or any of them, to the fullest extent possible, from

and for any claims, demands, actions, causes of action, suits, judgments, costs or expenses of any kind, brought by that class member as a result of any search within the scope of this class action as certified by the Court in any orders approving this Settlement Agreement, whether or not the class member actually made a claim, except any class member who opted out of the settlement.

## XIII.  EXHIBITS

The following exhibits are attached to this Agreement and Exhibits A, B and G will be mailed to Claimants and posted on the website (www.knoxcountyjailclass.com) as part of the notice process:

Exhibit A - Notice of Settlement

Exhibit B - Settlement Claim Form;

Exhibit C - Notice of Settlement to be published in newspaper;

Exhibit D - Press release; and

Exhibit E - documents regarding Analytics, Inc., the proposed Claims Administrator

Exhibit F – Postage Paid envelope

Exhibit G – Opt Out/Exclusion Form


Dated:  December 15, 2006                    /s/ Sumner Lipman
                                             Sumner Lipman, Esq.
                                             Attorney for Plaintiffs
                                             Lipman, Katz & McKee
                                             227 Water Street, P.O. Box 1051

Augusta, ME 04332-1051

Dated:  December 15, 2006                     /s/ Robert Stolt
                                              Robert Stolt, Esq.
                                              Attorney for Plaintiffs
                                              Lipman, Katz & McKee
                                              227 Water Street, P.O. Box 1051
                                              Augusta, ME 04332-1051


Dated:  December 15, 2006                     /s/ Dale Thistle
                                              Dale Thistle, Esq.
                                              Attorney for Plaintiffs
                                              103 Main Street, P.O. Box 160
                                              Newport, ME 04953


Dated:  December 15, 2006                     /s/ Peter Marchesi
                                              Peter T. Marchesi, Esq.
                                              Attorney for Defendants
                                              Wheeler & Arey, P.A.
                                              27 Temple Street, P.O. Box 376
                                              Waterville, ME 04903-0376


Dated:  December 15, 2006                     /s/ John J. Wall, III
                                              John J. Wall, III, Esq.
                                              Attorney for Defendants
                                              Monaghan Leahy LLP
                                              P.O. Box 7046
                                              Portland, Maine 04112-7046


Dated:  December 15, 2006                     /s/ George Dilworth
                                              George Dilworth, Esq.
                                              Attorney for Defendant Davey
                                              McCloskey Mina & Cunniff  LLC
                                              12 City Center

Portland, ME 04101-4006

UNITED STATES DISTRICT COURT
District of Maine

DALE DARE, on behalf of himself and  )
on behalf of others similarly situated,        )
                                                            )
                     Plaintiffs                       )
                                                            )
vs.                                                      )        Docket No. 02-251-P-C
                                                            )
KNOX COUNTY, DANIEL DAVEY,     )
In  his individual capacity and in his official  )
Capacity as Knox County Sheriff,            )
                                                            )
                     Defendants                     )

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2006 I electronically filed the Final

Settlement Agreement With the Clerk of Court using the CM/ECF System, which will

send notification of such filing(s) to the following:

Peter Marchesi, Esq.- pbear@wheelerlegal.com;

George Dilworth, Esq.–tdilworth@lawmmc.com;

John Wall - jwall@monaghanleahy.com

Dale F. Thistle-dthistle@verizon.net;

Sumner H. Lipman – slipman@lipmankatzmckee.com

William Robitzek – wrobitzek@bermansimmons.com

and all other counsel of record.

I hereby certify that on December 15, 2006, I mailed the above-mentioned

documents by U.S. Postal Service to the following non-registered participant(s):

None.

Dated:  December 15, 2006    /s/ John J. Wall, III
             Robert J. Stolt, Esq.
             Attorney for Plaintiffs
             Lipman, Katz & McKee, P.A.
             P.O. Box 1051
             Augusta, ME  04330
             Bar No. 1406
             (207) 622-7415