UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DALE DARE, on behalf of himself and on behalf of others similar situated,<br><br>                Plaintiffs<br><br>v.<br><br>KNOX COUNTY and DANIEL DAVEY, in his individual capacity and in his official capacity as Knox County Sheriff,<br><br>                Defendants | Civil No. 02-251-P-C |

Gene Carter, Senior District Judge

## ORDER ON MOTION FOR APPROVAL OF
## THIRD FINAL CLASS SETTLEMENT AGREEMENT

This is a class action lawsuit over strip searches of arrestees at the Knox County Jail. The Court previously certified a class and the Court of Appeals affirmed the certification. *Tardiff v. Knox County*, 218 F.R.D. 332 (D.Me. 2003), aff'd, 365 F.3d 1, 7 (1st Cir. 2004).[1] The parties proposed for preliminary approval an agreement settling their dispute (Docket Item No. 351). They requested that the Court preliminarily approve the settlement for issuance of class-wide notice. The Court held a hearing on this motion

---

[1] The original putative class member designated as the named plaintiff, Laurie Tardiff, was permitted to withdraw as a class representative by the Court's Order of October 24, 2006 (Docket Item No. 367) and Dale Dare, another original putative class member, was substituted for her by that Order. The case is now properly styled *Dare v. Knox County, et al.*, Civ. No. 02-251-P-C.

on October 24, 2006[2] and declined to preliminarily approve that Agreement. *See* Docket Item No. 368.

The Court notes that the agreement does now provide for a second opportunity for putative class members to request exclusion as permitted by Federal Rule of Civil Procedure 23(e)(3). *See* Third Final Settlement Agreement (Docket Item No. 376) VI, ¶10, at 10; Order on Motion for Approval of Class Settlement (Docket Item No. 368).

The Court further notes that the parties have achieved resolution by agreement of all issues respecting the entry of injunctive relief by the parties agreeing to the Court's entry of its Amended Proposed Permanent Injunction, *see* Docket Item No. 364. The Third Final Settlement Agreement now provides specifically:

> "The Parties understand that the Court will issue an injunction[,] the
> purpose of which will be to ensure the Defendants' compliance with
> Fourth Amendment law governing strip searches. The parties have agreed
> on the terms of the injunction which are set forth in the Court's Amended

---

[2] As a result of prior settlement negotiations of the parties in conference with Chief Judge Singal, the class counsel filed on October 10, 2006 a proposed Final Settlement Agreement (Docket Item No. 339) with a Motion Seeking Preliminary Approval of Class Settlement (Docket Item No. 338). The Defendants' counsel submitted on the same date its own version of a Final Settlement Agreement (Docket Item No. 342). The Court held a conference/hearing with counsel and the parties on October 11, 2006 in open court, and it appeared that there were significant variations in the two proposals. The parties were left to resume negotiations following the conference/hearing to see if a definitive proposed Settlement Agreement could be arrived at by them. *See* Transcript (Docket Item No. 357). They subsequently filed a second Settlement Agreement (Docket Item No. 351).

The situation in respect to settlement was further complicated by the position taken by the named class representative, Laurie Tardiff, at the conference/hearing that she objected to the terms of the Settlement and wished to withdraw as class representative in the action. The Court advised her to promptly consult individual counsel and on October 13, 2006 new counsel entered an appearance on her behalf (Docket Item Nos. 346 and 349). Since then, class counsel has filed a Motion to Strike Laurie Tardiff as Class Representative (Docket Item No. 350), which was later withdrawn (Docket Item No. 354). The Court subsequently granted a Motion, filed by class counsel, to Substitute a Party, Dale Dare, as Class Representative (Docket Item No. 355) and a Motion filed by Ms. Tardiff's personal counsel to withdraw Ms. Tardiff as Class Representative (Docket Item No. 356).

The Court scheduled all these pending matters for further conference/hearing on October 24, 2006. A further conference of the Court and counsel was held on the record (See Docket Item No. 375) on November 27, 2006. As a result of further negotiations of counsel, the presently pending Third Final Settlement Agreement (Docket Item No. 376) has been filed and substituted for Docket Item No. 351. It is this latter agreement on which the Court now acts.

[Proposed] Permanent Injunction Pursuant to Settlement Agreement
(Docket Item No. 364), and all parties waive their rights to appeal the
entry of, or terms of, this injunctive Order."

*See* Third Final Settlement Agreement (Docket Item No. 376) at 3-4; Court's Amended Proposed Permanent Injunction Pursuant to Settlement Agreement at 1 (Docket Item No. 364); Order on Motion for Approval of Class Settlement (Docket Item No. 368) at 3.

Otherwise, the Court finds that the notice that the parties have proposed with the revisions made on the record by this Court today amounts to "notice in a reasonable manner" as required by Rule 23(e)(1)(B). The Court hereby **ORDERS** that:

(1) The Third Final Settlement Agreement (Docket Item No. 376-1 to 376-8) be, and it is hereby, **PRELIMINARILY APPROVED** for purposes of issuance of direct class-wide notice and further proceedings, as revised, and that direct class-wide notice thereof issue forthwith as per Docket Item No. 376-2 as revised;

(2) Any motion for attorney's fees and nontaxable costs shall be filed by such a time that the Rule 23(h)(1) notice of the fee request can be combined with the Rule 23(e) notice of settlement and be sent to the class at the same time and that any such motion be supported in detail. *See Weinberger v. Great Northern Nekoosa Corp.,* 801 F. Supp. 804 (D.Me. 1992);

(3) The exhibits to the Third Final Settlement Agreement (Docket Item No. 376-1) that is, Docket Item Nos. 376-2 through 376-8, be, and are hereby **APPROVED** as revised;

(4) All putative class members may exercise a right to opt out of the Third Final Settlement Agreement in conformity with the Agreement's terms;

(5) A hearing under Rule 23(e)(1)(c) is hereby scheduled to take place on April 23, 2007 at 10:00 a.m. on whether the settlement is fair, reasonable and adequate; whether any requests for attorney fees and nontaxable costs should be allowed and, if so, the extent of such allowance; and resolution of any other issues then properly before the Court. The Court will hear appropriate objections on all those matters at that time. *See* Rule 23(e)(4)(A), (h)(2) and (h)(3);

(6) The Court's Permanent Injunction Pursuant to Third Final Settlement Agreement (Docket Item No. 379) shall issue forthwith.

The Court does not intend this order to be a preliminary fairness determination. Because, as the Court has indicated in its prior Order, a judicial determination of "preliminary fairness" unjustifiably suggests a headwind against objections to the settlement agreement, the Court will only determine at the final approval hearing whether the proposed Third Final Settlement Agreement is fair, reasonable, and adequate to the class action settlement in this case.

The Court **NOTES** that Ms. Tardiff, the previously designated class representative, presently remains as a putative class member. The Court is not asked to make, and does not make, any decision as to her rights in this litigation and intimates no opinion on any matter bearing on such subject, or whether she is subject to being bound by any Settlement Agreement proposed herein or that may be finally approved by the Court. The Court's ultimate resolution of any such issues, if any, shall not be a basis for any party or class member to challenge, inter partes, the viability or enforceability of the Third Final Settlement Agreement of the class action, if it is finally approved by the Court.

It is **FURTHER ORDERED** that class counsel proceed with the execution of the orders and instructions provided for herein necessary to the implementation of the settlement preparatory to the final fairness hearing on April 23, 2007.

/s/Gene Carter
GENE CARTER
Senior United States District Judge

Dated at Portland, Maine this 18th day of December, 2006.

4