UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DALE DARE, on behalf of himself and on behalf of others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>KNOX COUNTY and DANIEL DAVEY, in his individual capacity and in his official capacity as Knox County Sheriff,<br><br>Defendants | Civil No. 02-251-P-C |

Gene Carter, Senior District Judge

### ORDER VACATING PRIOR ORDER DECERTIFYING CLASS ACTION ON ISSUES OF ELIGIBILITY FOR CLASS MEMBERSHIP AND DETERMINATION OF INDIVIDUAL DAMAGES AND RECERTIFYING THE CLASS

Before the Court for action is the Joint Motion of the parties to Recertify the Class (Docket Item No. 337). The Court entered herein on September 19, 2006, in preparation for trial, its Order Decertifying Class Action on Issues of Eligibility for Class Membership and Determination of Individual Damages (Docket Item No. 319), finding *inter alia* that at that stage of the proceedings

1) The questions of law or fact common to the membership of the Class on the issues of liability do not predominate over the multitude of factual questions that affect potential, individual members of the Class for the purposes of determining membership in the Class and the amount of recoverable compensatory, nominal and punitive damages of individual class members, if any;

Case 2:02-cv-00251-GC   Document 384   Filed 12/29/06   Page 2 of 3   PageID #: 2863

    2)       That a class action is not superior to other available methods for the fair and sufficient adjudication of existing controversies as to class membership and determination of individual amounts of recoverable compensatory and punitive damages;

. . .

    6)       The Plaintiffs' suggestion of alternative procedures of nonjury determination of the disputed fact and for court-imposed mediation of those issues are not supported by law in the face of the Defendants' strenuous insistence upon having resolution of these disputed facts by jury trial;

*id.* at 1-2, and ordering that "[t]he non-class action portion of the proceedings shall proceed as the Court shall subsequently order after completion of trial of the liability portion of the case," *id.* at 3.

Since the entry of that Order, the Court has given preliminary approval to a proposed Third Final Settlement Agreement, *see* Docket Item No. 376-1. The settlement is based upon a recertification of the class for purposes of resolution of issues of eligibility for class membership and individualized determination of damages of class members by voluntary settlement and includes an administrative claims process for resolution of such claims that will obviate any need for a jury trial on those claims and issues generated by them.

On that state of the record, the Court now **FINDS** that for purposes of pursuing court approval of the proposed settlement pursuant to Fed.R.Civ.P. 23(e), the record now demonstrates that questions of law and fact common to the putative class membership on the issues of eligibility for class membership and determination of individual damages pursuant to the approved administrative claims process predominate over individual issues and that class action resolution of them, together with the liability issues, is now superior to other available methods for the fair and sufficient adjudication of all

2

3

controversies subsumed in the Court approval process, and it is hereby **ORDERED** that the Court's said prior Order Decertifying the Class (Docket Item No. 319) be, and it is hereby, **VACATED** and that this action **PROCEED** through the process for court approval of the proposed settlement on the pending Motion as a class action on all issues as previously certified.

/s/Gene Carter  
GENE CARTER  
Senior United States District Judge

Dated at Portland, Maine this 29th day of December, 2006.