UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DALE DARE, on behalf of himself and on behalf of others similar situated,<br><br>              Plaintiffs<br><br>v.<br><br>KNOX COUNTY and DANIEL DAVEY, in his individual capacity and in his official capacity as Knox County Sheriff,<br><br>              Defendants | Civil No. 02-251-P-C |

ORDER ON MOTION FOR
FINAL APPROVAL OF CLASS SETTLEMENT

After conducting the Final Fairness hearing on April 23, 2007, I now make the following findings and orders:

1.    Plaintiffs' counsel has provided notice to the class as ordered by the Court, and the class members have received proper notice of the settlement.

2.    The Third Settlement Agreement (Docket Item No. 376) is fair, reasonable, and adequate, and provides notice of opt-out rights. Therefore, final approval of the settlement as herein set forth is hereby **GRANTED**.

3.    It is hereby **ORDERED** that the distribution plan and opt-out notice, as provided for in the Third Settlement Agreement are hereby **APPROVED**.

4.    I **APPROVE** and it is hereby **ORDERED** that the incentive award to compensate the class representative, Dale Dare, in the amount of Five Thousand Dollars

($5,000.00) and the payment of Five Hundred Dollars ($500.00) to each of the 20 members of the class who were deposed during discovery be made. These payments shall be made at the same time as payments to class members.

5. It is **FURTHER ORDERED** that class members receive payment from the common fund after deducting the designated sum for attorneys' fees, costs, and expenses of administration, as finally authorized by the Court herein or by subsequent order, and payments to class members authorized in paragraph 4 above, and that the Claims Administrator calculate the amount due each class member by providing one (1) share of the remaining amount of the fund to every class member whose claim is approved.

6. It is **FURTHER ORDERED** that Defendants' request that the Court order that a share of the fund be reserved for payment to former class member, Laurie Tardiff, against the possibility that she may be found in separate litigation to be bound by the Third Final Settlement Agreement is **DENIED** for reasons stated on the record at the Final Hearing on April 23, 2007.

7. I **FIND** that class counsel and the parties herein agreed in the Third Final Settlement (Docket Item No. 376) at 13 that "the Court . . . approve payment of Plaintiffs' attorney's fees <u>and out-of-pocket costs</u> in the amount of thirty percent (30%) of the settlement fund" and I **FURTHER FIND** that payment of counsel fees of twenty-five percent (25%) of the fund is a fair and reasonable payment for such fees and costs using the percentage of fund basis approved in this Circuit and District in such cases, <u>In Re: Thirteen Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litigation</u>, 56 F. 3d 295, 305 (1st Cir. 1995); <u>In Re: Compact Disc Minimum Advertised Price Anti-</u>

Trust Litigation, 216 F.R.D. 197, 216 (D. Me. 2003), having in mind the scope, difficulty and complexity of the work, the proficiency of counsel in performing it, and the result obtained by their efforts, all of which have been carefully considered by the Court. The resulting fee award is substantially consistent with the fee rationale utilized and the result obtained thereby in respect to the fee award by Judge Hornby in the recent, basically identical, case of Nilsen v. York County, 400 F. Supp. 2d 266 (D. Me. 2005), with which rationale this Court agrees and adopts for this case. The Court notes that the resulting fee award substantially accords with counsel's agreement in the Third Final Settlement Agreement that the thirty percent (30%) award would include both counsel fees of class counsel and the expenses of litigation.

8.  Accordingly, it is **FURTHER ORDERED** that class counsel receive as counsel fees herein the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00), or Twenty-Five percent (25%) of the amount of the settlement, and in addition thereto such part of the claimed expenses of One Hundred Seventy-Eight Thousand Five Hundred Sixty-One Dollars ($178,561.00) as shall ultimately be approved as reasonable by the Court after further proceedings.

9.  The Court takes under **ADVISEMENT** class counsel's claim for an award of litigation expenses.

10.  It is **FURTHER ORDERED** that the costs claimed by the Claims Administrator be paid out of the fund after their final approval by the Court.

11.  It is **FURTHER ORDERED** that each class member's check be made payable only in the class member's name, or upon the death of a class member, to the personal representative of the deceased class member's estate or the person filing an

affidavit in compliance with the Maine Procedure for Collection of Personal Property by Affidavit of the Rightful Heir under 18-A M.R.S.A. § 3-1201, or the equivalent procedure of the law of another state that governs the estate of the deceased class member, such check to be mailed to the class member or other appropriate designee at their mailing address.  Any change of address request will be required to be made in writing and must be signed by the claimant.  If a participating class member is confined in a prison, hospital, or other institution and has provided the address of such institution for payment, the settlement check will be sent to that address unless the class member makes other acceptable arrangements in writing with the Claims Administrator.

12. It is **FURTHER ORDERED** that Marshall & Ilsley Bank, a nationally chartered bank, prepare all Forms 1099 for class members who receive a settlement check during the bank's next regular form-processing following distribution.  The Claims Administrator will prepare all other necessary tax forms relating to the Settlement Fund Account.

13. It is **FURTHER ORDERED** that any balance in the Settlement Fund after the settlement checks have been distributed, and all bonuses, expenses, and attorneys' fees have been paid and will be distributed under the *Cy Pres* doctrine on order of the Court.  The parties understand that the Court shall have the discretion to order *Cy Pres* distribution based upon the submissions by the class counsel in support of such distribution.

14. It is **FURTHER ORDERED** that, in consideration of the settlement amount, all defendants, including individual defendants in both their official and individual capacities, and the Maine County Commissioner's Association's self-funded

Risk Management Pool be, and are hereby, **RELEASED** upon payment of a class member's approved share of the fund of and from all liability for the class member's claims for unlawful strip searches that were part of this lawsuit, including class members who do not file claims, except for any class members who requested exclusion, opted out, and filed an individual lawsuit within the applicable statute of limitations; that the release of claims arising from this settlement includes all visual inspections, including without limitation, visual body cavity inspections, that otherwise fall within the scope of the claims certified as a class action by the Court in this case; that the release of claims applies to any claims that the strip searches were conducted in a manner that was unlawful, including without limitation, claims of physical touching, cross-gender searches, or searches which were observed by persons other than the correctional officer performing the search; and that their settlement does not release any other claims, such as wrongful arrest, excessive force, or searches that were not part of the admission process (such as strip searches after a lockdown).

      15.    It is **FURTHER ORDERED** that each class member shall satisfy all liens, subrogation interests or claims of any doctor, hospital, insurance carrier, state or governmental agency, or any other person, firm, or corporation, which have been made or may in the future be made against the payment to that class member described herein, or against any Defendant arising out of the claims, demands, actions, or causes of action set forth in the First Amended Complaint and released as part of this Settlement Agreement, and hold harmless and defend and indemnify the Defendants, including their officers, officials, employees, attorneys, agents, or any of them, to the fullest extent possible, from and for any claims, demands, actions, causes of action, suits, judgments, costs or

expenses of any kind brought by that class member as a result of any search within the scope of this class action and certified by the Court in any orders approving this Settlement Agreement, whether or not the class member actually made a claim, except any class member who opted out of the settlement.

  16. It is **FURTHER ORDERED** that the administration of the settlement shall comply with the following deadlines:

  a. Claimants who wish to appeal to the Court the Claims Administrator's final decision shall file a Notice of Appeal with the Claims Administrator and with the Court post-marked no later than fourteen (14) days after the date of the mailing of the appeal denial letter by the Claims Administrator.

  b. After receiving such notice of appeal, the Claims Administrator shall file a response with the Court within five (5) days after docketing of the notice of appeal to the Court.

  17. It is **FURTHER ORDERED** that after all appeals have been finally decided, the Claims Administrator shall promptly process all settlement claim forms to determine the amount of the share to be awarded to each successful claimant and distribute settlement payments to class members pursuant to the distribution plan no later than fourteen (14) days after the Court resolves all outstanding issues.

  18. It is **FURTHER ORDERED** that the Claims Administrator will provide to the Court and to counsel for all parties a final accounting for the distribution of the Settlement Fund, including attorneys' fees and expenses, within twenty (20) days from the date of distribution.

19. It is **FURTHER ORDERED** that Plaintiffs' counsel shall file a final report of the settlement within sixty (60) days from receiving the Claims Administrator's accounting and which shall seek approval of any disposition of any remaining funds.

**SO ORDERED**.

                                                                                 Gene Carter
                                                                                 GENE CARTER
                                                                                 Senior United States District Judge

Dated at Portland, Maine this 24th day of April, 2007.