**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| |
|---|
| DALE DARE, on behalf of himself and on behalf of others similar situated, |
| Plaintiffs |
| v. |
| KNOX COUNTY and DANIEL DAVEY, in his individual capacity and in his official capacity as Knox County Sheriff, |
| Defendants |

Civil No. 02-251-P-C

Gene Carter, Senior District Judge

**ORDER ON CLASS COUNSEL'S REQUEST FOR APPROVAL
OF REIMBURSEMENT OF EXPENSES OF LITIGATION**

Before the Court for approval is Class Counsel's Request for Approval of Litigation Expenses of One Hundred Seventy-eight Thousand Five Hundred Sixty-one and 41/l00ths Dollars ($178,561.41).[1]  Plaintiffs' Motion for Attorneys' Fees and Costs of Litigation and Expenses of Settlement Administration (Docket No. 389) at 16 ("Class Counsel respectfully requests reimbursement of their litigation costs and expenses in the amount of $178,561.41"); Expense Report attached as Exhibit B to Class Counsel's Affidavit in Support of the Motion (Docket Item No. 389-2)(requesting reimbursement for $178,569.41).  Finding Class Counsel's request for reimbursement of litigation

---

[1] This includes $8,684.33 for the Claims Administrator's expenses and charges.  Additional expenses of the Claims Administrator have accrued since the filing of this motion.  *See* Motion to Permit Dare Claims Administrator to Pay Invoice Out of Settlement Fund (Docket Item No. 420).  The Court in its Order on Motion for Final Approval of Class Settlement provided that these costs as claimed by the Claims Administrator "be paid out of the fund after their final approval by the Court."  Order on Motion for Final Approval of Class Settlement (Docket No. 400) ¶ 10.

expenses to be lacking any supporting documentation, the Court reserved its ruling on approval of the request for reimbursement of litigation expenses in its Order on Motion for Final Approval of Class Settlement (Docket No. 400) at ¶ 9.  In order to properly consider the reasonableness of the costs and expenses, the Court, by separate Order, required:

> that Class Counsel file within twenty (20) days hereof supporting material of evidentiary quality <u>substantiating the need for, reasonableness of, and actual payment of each item of claimed expense identified in Exhibit B</u> to Plaintiffs' Motion for Attorneys' Fees and Costs of Litigation and Expenses of Settlement Administration (Docket Item No. 389) <u>explaining in each instance the exact nature of the service or item provided, the need therefore, and the use made thereof</u>.

Order to File Support for Costs and Expenses (Docket Item No. 399)(emphasis added).

In response to this last Order, Plaintiffs' counsel has filed Plaintiffs' Supplemental Memorandum of May 14, 2007 (Docket Item No. 405) accompanied by a paper filing of voluminous copies of documents purporting to show expenditure of funds by Class Counsel and Affidavits of Colleen Pillsbury and Robert Stolt, Esq. in support of the reimbursement request (Exhibits I-IV attached to Docket Item No. 405).  Plaintiffs' Supplemental filing does not provide a total of litigation costs and expenses for which they request reimbursement, but attached is an Expense Report that summarizes the categories of expenses.  That Expense Report requests reimbursement for One Hundred Seventy-eight Thousand Four Hundred Fifteen and 41/l00ths Dollars ($178,415.41) in litigation expenses.  The variance in the dollar amount of Plaintiffs' initial request – $178, 561.41 – and the one they now make – $178,415.41 is unexplained.  The Court has used the figures on the latter summary Expense Report, as well as the other supporting documentation filed with latter Expense Report, to determine the reasonable reimbursable

costs and expenses. *See* Expense Report attached as Appendix No. 1. The Court has thoroughly reviewed the supporting papers and will allow designated items for reimbursement as indicated herein and deny the request as to the remaining items.

Under the general law, in such cases, Plaintiffs' counsel bears the burden of persuasion on the reasonableness of their expenses. *Weinberger v. Great Northern Nekoosa Corp.,* 801 F. Supp. 804, 827 (D. Me. 1992). In this case, the Court explicitly required that Plaintiffs' counsel file written support for "the exact nature of the service or item [of expense], the need therefore, and the use made thereof." Order to File Support for Costs and Expenses (Docket Item No. 399). The Court has found the written filings in support of the request to be generally inadequate to comply with the dictates of the Court's Order to File Support for Costs and Expenses. After a meticulous study of this poorly organized and confusing series of documents, the Court concludes that the Plaintiffs have failed to explain or substantiate for need or use, as required by the Order, most of the items of expense set forth in the Expense Report (attached hereto as Appendix No. 1) and that in only a few cases has the substantiation been adequate to justify Court approval. Accordingly, the Court has approved for reimbursement a total amount of Thirteen Thousand Nine Hundred Ninety-six and 91/l00ths Dollars ($13,996.91) of the expenses claimed, as follows:

| CATEGORY NO. | CATEGORY | CLAIM | APPROVED |
|---|---|---|---|
| 1 | Documents copied | $8,190.98 | $3,689.11 |
| 2 | Court Report | 730.00 | 565.00 |
| 3 | District Court filing fee | 150.00 | 150.00 |
| 4 | Deputy Sheriff | 172.06 | 172.06 |

| 7 | Postage | 1,225.82 | 1,225.82 |
| 20 | Photos | 184.29 | 184.29[2] |
| 24 | Telephone charges | 1,316.25 | 658.12 |
| 25 | Court Report | 6,577.78 | 4,947.51 |
| 27 | Investigator/Investigations | 1,082.75 | 1,082.75 |
| 40 | Arbitration/Mediation | 2,405.50 | 2,405.50 |
| 30, 33 | Parking | 58.25 | 58.25 |
| 51 | Claims Administration | 8,684.33 | 8,684.33 |

TOTAL ALLOWED-------------------------------------------------------------$23,822.74

The Court has denied approval to the remaining claims for reimbursement as set out below for the reasons ascribed to each category as identified in the Expense Report (attached as Appendix No. 1):

    1)    <u>Category 5—Miscellaneous</u>.  There is no substantiation of evidentiary quality as to the association of the items in this category with this case or of the need for the use of these expenditures or the use of the goods or services obtained in the preparation of the case.

    2)    <u>Category 10—Reports/Medical</u>.  There is no substantiation of the need for or use of such reports in the development of the case.

    3)    <u>Category 12—Reports/Secretary of State</u>.  There is no explanation for or substantiation of the need for or use of such reports in the preparation of the case.

    4)    <u>Category 13—Superior Court Records</u>.  There is no substantiation as to the need for or use of these records.  No explanation is given for their use.

    5)    <u>Category 14—Travel—Airfare</u>.  There is no explanation of the purpose of such travel by air and no substantiation that the cost thereof was necessary to the preparation of the case.

---

[2] The need for or use of the photos underlying these charges are not cogently substantiated but the Court allows them as *de minimus* and on the assumption they were for a legitimate and necessary purpose.

      6)    <u>Category 15—Travel—Meals</u>.  There is no substantiation for the need for this cost of travel in the preparation of the case.  In numerous instances, the charges seem to the Court to be patently unreasonable in amount.

      7)    <u>Category 16—Travel—Lodging</u>.  There is no explanation for this cost of travel or the cost of travel that underlies it, nor is there any substantiation of the need therefore.

      8)    <u>Category 17—Travel—Mileage</u>.  No explanation is given of the reasons for this travel or its purpose.

      9)    <u>Category 18—Witness Fees—Expert</u>.  There is no explanation of the work of the expert in question or substantiation of the need for or the use of their assistance underlying the claimed charges.

      10)    <u>Category 19—Witness Fees—Regular</u>.  The testimony underlying these claimed charges is not explained and there is no substantiation of the need for the various testimonies or that the subject fees have actually been paid to the witnesses.

      11)    <u>Category 26—Equitrac Copies</u>.  These claimed charges are all unexplained and the need for or the use of them is not substantiated.

      12)    <u>Category 29—Westlaw Charges</u>.  These charges are properly part of office overhead and are, in any event, properly included within the compass of the percentage fee awarded by the Court.

      13)    <u>Category 32—Exhibits</u>.  No materials were submitted to substantiate these claimed costs of exhibits.

      14)    <u>Category 34—Supplies</u>.  No explanation is given for these charges, and they are in any event to be considered part of normal office overhead in the absence of some articulated reason for a specific treatment of them.  Their cost is subsumed in the percentage-based fee awarded by the Court.

      15)    <u>Category 35—Publications</u>.  These charges are unexplained, and they are, in any event, a normal part of office overhead not normally charged to a particular client.  Allowance here would be unreasonable in the circumstances of the case.  Additionally, there is no substantiation for several of these items.

      16)    <u>Category 38—Other Attorneys</u>.  These charges are clearly for the costs of Class Counsel in contracting out portions of the core work of cross-counsel in this case.  That work is within the compass of the

percentage-based fee awarded by the Court. Class Counsel cannot be permitted to recover the percentage fee and also recover for its work that is delegated to other counsel as an additional cost. Such a practice would permit a double recovery for work within the fee award made by the Court. No explanation is given for contracting out the subject work.

    17)    <u>Category 41—Outside Services</u>. These submissions are insufficient to substantiate the purpose or need for the subject services or, indeed, to identify the nature of those services.

    18)    <u>Category 50—Faxing</u>. There are no submissions substantiating these charges as properly associated with this case. No explanation is given of the need for such facsimile transmissions.

Accordingly, it is hereby **ORDERED** that the total amount of Twenty Three Thousand Eight Hundred Twenty-Two and 74/l00ths Dollars ($23,822.74) in litigation costs be, and they are hereby **APPROVED** for reimbursement to Class Counsel from the Settlement Fund herein and all other claims are **DISALLOWED**.

    /s/ Gene Carter
    GENE CARTER
    Senior U.S. District Court Judge

Dated at Portland, Maine this 9th day of July, 2007.